DA 09-0045

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 413N

STATE OF MONTANA,

      Plaintiff and Appellee,

      v.

MATTHEW MILES GEER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 08-165A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Daniel P. Buckley; Attorney at Law, Bozeman, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney; Scott Lanzon, Deputy County
Attorney, Bozeman, Montana

      For Amicus Curiae:

          Frederick W. Snodgrass, Todd Chatman, Attorneys at Law, Billings,
Montana (for Montana Association of Criminal Defense Lawyers)

Submitted on Briefs:  October 28, 2009

Decided:  December 1, 2009

Filed:

_____
                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew Miles Geer (Geer) appeals from an order of the Eighteenth Judicial District Court, Gallatin County, denying his motion to dismiss, or alternatively to enforce a plea agreement. We affirm.

¶3 On November 17, 2007, after leaving a football game, Geer crashed into an SUV on I-90 near Belgrade. The driver, who was pregnant at the time, was left hanging upside down by her seat belt until she was freed by emergency responders. Witnesses, including law enforcement officers, observed that Geer smelled of alcohol. The State charged Geer with negligent vehicular assault and driving under the influence (DUI). On November 26, 2007, Geer pled not guilty.

¶4 Geer's counsel, Daniel Buckley (Buckley), discussed a number of DUI cases with Deputy County Attorney Kyla Murray (Murray) in December 2007. The parties dispute whether they entered into a plea agreement at that time. Murray testified that she discussed a potential plea agreement with Buckley. She testified that she did not have the file with her when approached by Buckley, was not familiar with the details of the case, and did not know that one of the charges was negligent vehicular assault. Murray further

2

testified that she explained to Buckley her need to discuss some of the proposals with the Chief Deputy County Attorney and get his approval. Murray never sent Buckley a written plea agreement for the case, although she did send written plea agreements for other cases discussed at the time. Buckley claimed that Murray agreed to drop the negligent vehicular assault charge in exchange for Geer pleading guilty to DUI. Buckley further claimed that Geer accepted the plea offer and acceptance was communicated to Murray.

¶5 At the omnibus hearing on February 4, 2008, Buckley advised the court that a plea agreement had been reached and requested a change of plea hearing. In early March, Buckley requested a letter from Murray confirming the plea agreement. On March 6, 2008, Murray called Buckley to inform him that the victim in this case opposed the agreement and therefore the County Attorney's Office would not provide the plea offer discussed. Later that day, Buckley spoke with the Chief Deputy County Attorney who reiterated that the County Attorney's Office would not provide the plea offer discussed. Geer filed a motion to enforce the plea agreement in justice court, which was denied on April 9, 2008. The State moved to dismiss the DUI charge as a lesser included offense of negligent vehicular assault. Geer objected, arguing that the entire case should be dismissed because the State violated the plea agreement. The justice court dismissed the DUI charge. Geer was convicted of negligent vehicular assault after a bench trial on May 22, 2008. Geer appealed to District Court and renewed his motion to dismiss or enforce the plea agreement, which the District Court denied on December 3, 2008. The District

Court convicted Geer of negligent vehicular assault following a bench trial, on December 17, 2008.

¶6    The issue on appeal is whether the parties entered into a binding plea agreement.

¶7    A plea agreement is a contract between the State and a defendant subject to contract law standards. *Maldonado v. State*, 2008 MT 253, ¶ 14, 345 Mont. 69, 190 P.3d 1043. In order for an offer to mature into a binding contract, both parties must consent to the terms of the contract. *Maldonado*, ¶ 14. Mutual consent consists of an offer and an acceptance of that offer. *Bitterroot Intl. Systems, Ltd. v. Western Star Trucks, Inc.*, 2007 MT 48, ¶ 33, 336 Mont. 145, 153 P.3d 627. We determine whether the parties have mutually consented to a contract by inquiring whether a reasonable person, based upon the objective manifestation of assent, and all the surrounding circumstances, would conclude that the parties intended to be bound by the contract. *Bitterroot Intl. Systems*, ¶ 33. We determine whether mutual consent exists based on the consent that the parties express through their words and the consent that the parties imply through their conduct. *Bitterroot Intl. Systems*, ¶ 33.

¶8    Based on the words and conduct surrounding the plea negotiations here, we find that there was no mutual consent to a binding plea agreement. Although Murray discussed a potential plea agreement with Buckley, she informed Buckley that she had to consult with the Chief Deputy County Attorney for approval. Significantly, Murray never sent Buckley a written plea agreement for this case, even though she did send written plea agreements for other cases discussed at the same time. The County Attorney's Office policy is to put all formal plea agreements in writing. This conduct

4

should have put Buckley on notice that Murray had not manifested assent to be bound by the plea agreement discussions. Furthermore, pursuant to § 46-24-104, MCA, a prosecutor is required to consult with a victim of an offense involving bodily injury before entering into a plea agreement. The fact that Murray had not met with the victim yet when she initially discussed a potential agreement is further conduct implying a lack of consent. Finally, Murray unequivocally informed Buckley that the County Attorney's Office did not intend to be bound by the terms discussed in the plea agreement negotiations. Thus, the words and conduct here do not objectively manifest assent to be bound by the discussions of a potential plea agreement. Since there was no plea agreement, the court correctly denied Geer's motion to dismiss, or alternatively to enforce a plea agreement.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE